IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |
|---|---|
| DOUGLAS SALVADOR MENDOZA GUTIERREZ,<br>            *Petitioner*,<br><br>    v.<br><br>TODD M. LYONS, *et al.*,<br>            *Respondents*. | 1:26-cv-923-MSN-LRV |

<u>ORDER</u>

Petitioner Douglas Salvador Mendoza Gutierrez has filed an Amended Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241, in which he asserts that he has been illegally detained by the U.S. Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE"). ECF 3. Specifically, Petitioner alleges that pursuant to *Zadvydas v. Davis*, 533 U.S. 678 (2001) his current detention violates his due process rights because there is no significant likelihood of his removal from the United States and because he has not been afforded any procedure as to the risk of being persecuted or tortured in a third country. *Id*.

Petitioner is currently detained at the Farmville Detention Center in Farmville, Virginia. He has sued Todd M. Lyons, ICE's Acting Director; Joseph Simon, the Acting Field Office Director of ICE Enforcement and Removal Operations ("ERO"); the Markwayne Mullin, DHS Secretary; and the Attorney General (collectively "Federal Respondents"). He has also sued Paul Perry, the Superintended of the Caroline Detention Center.

In response to the Court's Order of April 10, 2026 (ECF 4), Federal Respondents have opposed the Petition. ECF 9. For the reasons that follow, the Court will GRANT the Petition.

## I.    BACKGROUND

Petitioner is a native and citizen of Nicaragua. ECF 9-2 ¶ 5. In July 2022, he was

encountered by DHS after crossing into the United States over the southern border near San Ysidro, California. *Id*. ¶ 6. At that time, Petitioner was paroled into the United States pursuant to 8 U.S.C. § 1182(d)(5), which Federal Respondents state was valid until September 5, 2022. *Id*. ¶ 7. In July 2023, Petitioner was issued a Notice to Appear and charged with being admissible to and removable from the United States under 8 U.S.C. §§ 1182(a)(6)(A)(i), 1182(a)(7)(A)(i)(I) and was again released on parole under 8 U.S.C. § 1182(d)(5). *Id*. ¶ 8. On August 27, 2024, an Immigration Judge ordered Petitioner removed from the United States but granted withholding of removal to Nicaragua under the regulations implementing the Convention Against Tortue. *Id*. ¶ 9. Both Petitioner and DHS waived appeal of this decision. *Id*.

On March 28, 2026, Petitioner was arrested by the Loudoun County Sheriff's Office for DUI. *Id*. ¶ 10. ICE Enforcement and Removal Operations ("ERO") placed a detained on Petitioner and took him into immigration custody on March 29, 2026. *Id*. ¶ 11. Petitioner then filed his original Petition in this Court on April 4, 2026, and an Amended Petition on April 9, 2026. ECF 1, 3. The Amended Petition stated that Federal Respondents "have not identified any third country that has agreed to accept Petitioner." ECF 3 ¶ 24.

On April 24, 2026, Federal Respondents opposed the Petition, submitting a declaration by an ICE Assistant Field Office Director stating that Petitioner was served with a Notice of Removal to Mexico on April 24, 2026, and that he did not claim a fear of removal to Mexico. ECF 9-2 ¶ 12. Additionally, absent this habeas, "ICE would be able to immediately thereafter transfer Petitioner to [a] Southwest Border facility and present Petitioner to Mexico for acceptance." *Id*. ¶ 13.

In response to this Court's Order of May 11, 2026, the parties have confirmed that at all

2

times prior March 29, 2026, Petitioner had been free on parole into the United States. ECF 14, 15.

## II.    DISCUSSION

All parties agree that until his instant detention, Petitioner had been free on parole into the United States issued under 8 U.S.C. § 1182(d)(5). However, Petitioner avers, and Federal Respondents have provided no evidence or argument indicating otherwise, that he was arrested by ICE "without notice of revocation of parole or any separate revocation determination being provided to him" and that no such revocation notice exists. ECF 14 ¶ 3. As this Court held in *Omari v. Lyons*, 1:25-cv-2483-MSN-WBP, ECF 9 (E.D. Va. Feb. 17, 2026), Federal Respondents may not revoke a noncitizen's parole and detain him "without any notice, hearing, or individualized consideration of [his] circumstances or whether the purposes of parole had been accomplished that [DHS] regulations and due process require." *See also Pineda-Berrios v. Lyons*, No. 1:25-cv-2332-LMB-LRV, ECF 13 (E.D. Va. Feb. 11, 2026) (citing, e.g., 8 C.F.R. § 212.5(e)). The same is true here, and for that reasons, Petitioner's current detention is impermissible and he must be released.

Separately, in his Amended Petition, Petitioner averred that he could not be removed to a third country absent immigration judge review of an asylum officer's (presumably negative) reasonable fear determination. ECF 3 ¶¶ 36, 43-44. Previously, Federal Respondents apparently had not yet identified a third country for removal. ECF 3 ¶ 24. However, following the filing of the Amended Petition, Federal Respondents notified Petitioner that they sought to remove him to Mexico. ECF 9-4. Federal Respondents state that at that time, Petitioner did not express a reasonable fear of being removed to Mexico. ECF 9-5; ECF 9-2 ¶ 12. His counsel unclearly insists that his refusal to sign the service acknowledgement portion of the notice does not constitute waiver of rights, but does not affirmatively deny that Petitioner failed to express fear of being

3

removed to Mexico. ECF 12 at PageID# 89-90. The Court is not privy to what actually occurred, and a refusal to sign a service acknowledgment does not clearly constitute a failure to express fear of removal, nor does it constitute expression of a fear of removal. But to the extent that Petitioner does express a fear of removal at some point, he must be afforded a reasonable fear determination by an asylum officer and review by an immigration judge. *Garcia-Rivera v. Noem*, No. 1:26-cv-229-MSN-WBP, ECF 6 (E.D. Va. March 2, 2026) (citing *Serpas v. Simon*, No. 1:25-cv-2369-AJT-WBP, ECF 15 (E.D. Va. Feb. 3, 2026)).

### III.    CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that the Amended Petition (ECF 3) is GRANTED; and it is further

ORDERED that Federal Respondents shall immediately RELEASE Petitioner from detention with all of his personal property subject to the terms of his prior parole; and it is further

ORDERED that Federal Respondents—along with their officers, agents, servants, employees, attorneys, successors, and assigns, and all persons acting in concert with them—are ENJOINED from redetaining petitioner unless his parole is lawfully revoked in a manner consistent with 8 C.F.R. § 212.5(e); and it is further

ORDERED that in the event that Petitioner expresses a fear of removal to Mexico, Federal Respondents—along with their officers, agents, servants, employees, attorneys, successors, and assigns, and all persons acting in concert with them—are ENJOINED from removing Petitioner from this judicial district and the continental United States unless (1) he has first received review by an immigration judge, pursuant to 8 C.F.R. §§ 208.31, 1208.31, of a USCIS asylum officer's negative determination regarding whether he has a reasonable fear of persecution or torture if removed to Mexico; and (2) all other requirements of 8 C.F.R. §§ 208.31, 1208.31 have been

satisfied.

**IT IS SO ORDERED.**

The Clerk is directed to enter judgment in Petitioner's favor pursuant to Federal Rule of

Civil Procedure 58, forward copies of this Order to counsel of record, and close this habeas action.

/s/
_____
Michael S. Nachmanoff
United States District Judge

May 22, 2026
Alexandria, Virginia

5